**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS,
TYLER DIVISION**

| | | |
|---|---|---|
| MORRIS WRECKER SERVICE, § <br> LLC, and F. LEE MORRIS, § <br>     Plaintiffs, § <br>                               § <br> v.                               § <br>                               § <br> COUNTY OF ANDERSON, TEXAS, § <br> and GREG TAYLOR, § <br>     Defendants. § | | Civil Action No. 6:16-cv-1027 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

<u>Parties</u>

1. Plaintiff, F. Lee Morris, is an individual that is a citizen of the State of Texas who holds an Incident Management Tow Operator's License issued by the Texas Department of Licensing and Regulation

2. Plaintiff, Morris Wrecker Service, LLC, is a limited liability company with address C/O Mosser Law PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093. Morris Wrecker Service holds a Tow Truck Company License issued by the Texas Department of Licensing and Regulation.

3. Defendant, Anderson County, a county in Texas, may be served with process by serving the county judge, the Honorable Robert D. Johnston, at 703 N. Mallard St., Palestine, Texas 75801, under the authority of Texas Civil Practices & Remedies Code Section 17.024(a).

4. Defendant, Greg Taylor, an individual, is the Sheriff for Anderson County and may be served at his regular place of business, 1200 E. Lacy Street, Palestine, Texas 75801.

5. Both Defendants have answered the complaint, and appeared in this case.

## Jurisdiction

6. This Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §§ 1983, 1985, and the Constitution of the United States. Anderson County, Texas, through its towing policy and abuse of power deprived F. Lee Morris and Morris Wrecker Service, LLC of liberty, property, and due process related thereto.

## Venue

7. Venue is proper in this district under 28 U.S.C §1391(b)(1) and (2). The substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, specifically in Anderson County, Texas.

## Facts

8. Morris Wrecker Service, LLC, is a towing company that operates primarily in Anderson County, Texas, and employs F. Lee Morris as one of its towing operators. Morris Wrecker Service, LLC, has been owned and operated by female ownership since 1999, and is currently operated by its sole member-manager Rebecca Sue Terry, who has operated it since 2010. Of the various towing companies in Anderson County, Morris Wrecker Service, LLC, is the only tow company owned and operated by a female

9. F. Lee Morris, a white male, holds a license to conduct incident management tows, which are a tows of vehicles in which the tow truck is summoned to the scene of a traffic accident or to an incident, including the removal of a vehicle, commercial cargo, and commercial debris from an accident or incident scene.

10. Defendant Anderson County, through its Sherriff's Office, maintains a tow rotation list from which it selects tow companies when it requires the performance of an

incident management tow. It also maintains a Towing Service Policy by which it purports to manage the towing operators in the County with respect to incident management tows.

11. A substantial portion of F. Lee Morris' and Morris Towing Service, LLC's ("Morris") prior to 2011 resulted from incident management tows initiated by the Anderson County Sherriff's Office.

12. This Complaint is drafted in a timeline fashion, each paragraph logically follows in time, however, due to Mr. Morris' struggles reading or writing, many of the dates and times cannot be specifically determined, without further discovery.

13. In 2011, Morris took in Taylor's daughter after Defendant Taylor had evicted her from his house. This arrangement lasted one month. While living with Morris, Taylor's daughter came into contact with Morris's female companion, who is African American.

14. Defendant Taylor learned of this bi-racial relationship during a phone call he had with his daughter while his daughter was staying at Morris's residence. A friend of Taylor's daughter disclosed this to Taylor by shouting racial slurs concerning Morris' female companion at the telephone in response to Taylor's repeated inquiries as to whether Taylor's daughter was involved sexually with Morris.

15. Morris shortly thereafter terminated the arrangement with Taylor's daughter and evicted her from his property.

16. Within thirty days of the end of this arrangement, Defendant Taylor suspended Morris Wrecker Service LLC from the tow rotation list for false and wholly unsubstantiated allegations of price gouging. Rebecca Terry placed a phone call

within days of the suspension to Taylor to inquire as to the reasons for the suspension, and to initiate an administrative appeal of the suspension. Taylor communicated with her in her capacity as the member-manager of the LLC.

17. Morris Wrecker Service, LLC, eventually regained its place on the towing rotation list for a short period of time before Defendant Taylor suspended it in May 2012 from the list again.

18. Here, Morris Wrecker Service, LLC, dispatched F. Lee Morris to an incident management tow initiated by the Anderson County Sherriff's Department. The Sheriff's Office, prior to releasing the vehicle to Morris and Morris Wrecker Service, LLC, performed a vehicle inventory then provided Morris a copy of the inventory and requested him to sign for the vehicle.

19. Morris signed for the vehicle and took custody of it. During the tow, Morris and his co-worker stopped for food at a local dining establishment, at which time deputies for the Anderson County Sherriff's Department surrounded the vehicle and accused Morris of failing to failing to secure evidence, a bubble level, during the course of an incident management tow. The inventory of the vehicle taken while the vehicle was in the custody of the Anderson County Sheriff's Department did not disclose the presence of any such bubble level.

20. Despite this major discrepancy, Taylor suspended Morris Wrecker Service, LLC, from the incident management towing rotation list. Again, Morris Wrecker Service was afforded no notice of its summary removal from the list, and no opportunity to plead its case before an adjudicative body.

21. Taylor then demanded that Morris make himself present at the Sherriff's Office or criminal charges would be filed against him personally for failure to secure evidence from a crime scene. Morris complied and appeared at the Sherriff's Office, at which point Taylor disclosed that he knew that Morris would never be able to prosecute any claims against him, since Rebecca Terry had inherited everything from Terry and Morris' parents, including Morris Wrecker Service, LLC.

22. Morris requested that Morris Wrecker Service, LLC, be placed back on the towing rotation, to which the Sheriff responded, "As far as you are concerned, I am God in Anderson County, and you will never be put back on this list so long as I'm the Sheriff."

23. As Morris was leaving the Sherriff's Office, Taylor stated Morris got what he deserved for being in a bi-racial relationship with "a nigger".

24. In 2014, Terry again communicated with the Sheriff's office via letter, at which time she requested that Morris Wrecker Service, LLC, be placed back on the tow rotation. She fully represented that she was the owner of the company and that she was in good standing with the Texas Department of Licensing and Regulation, the state towing regulatory agency. She stated that the Sheriff's Office provided her with no notice of the administrative action, nor was she provided with an opportunity to be heard on behalf of Morris Wrecker Service, LLC, prior to the decision to remove Morris Wrecker Service, LLC, from the incident management list. The Sheriff's Office never responded to this letter.

25. Then, on February 25, 2015, Morris was summoned to the scene of a potential consent tow by Johnny Crawford, the owner of another tow company, who sought

his assistance with a tow, due to the unusual size of the vehicle involved. Deputies of the Anderson County Sheriff's Office, acting under orders by Defendant Taylor, telephoned Crawford's wife to tell her that Morris was to vacate the premises as he was not allowed to even help with a tow. These same deputies then refused Morris access to the vehicle and threatened him with arrest. Morris complied, and filed an incident report. The Sheriff's Office Internal Affairs Division cleared the deputies of any wrongdoing, at the behest of Defendant Taylor

26. Shortly after this incident, Taylor personally telephoned Tucker Harris, who operates a body shop in Anderson County, Texas, and who does business with Morris and Morris Wrecker Service, LLC. Taylor informed Tucker that it would be in his best interests to stop associating with F. Lee Morris, as he was a "shady person." When pressed on this, Taylor stated, "I can't really talk about it, but I know he has stolen stuff on his property."

27. Since its removal, Morris Wrecker Service, LLC, has repeatedly asked to be placed back on the tow rotation list, and has been repeatedly rejected each time without cause. As recently as January and February 2016, Morris, acting for the Company, has made this request, and each time Defendant Taylor has refused to put him back on the rotation without cause. When asked about his opposition to Morris's reinstatement, the Defendant has blithely stated, "You know the reason why." Morris continues to be afforded no opportunity to contest Defendant Taylor's decisions and remains separated from the tow list as of the date of this filing, even after contacting the County Judge.

Count I: Takings

28. Paragraph 1-85 are incorporated *in haec verba*.

29. Defendant Anderson County, Texas, by and through its agent, Defendant Greg Taylor, intentionally contrived a method to deprive the Morris Plaintiffs from participating in the county incident management tow program with no basis in law or fact.

30. The Fifth Amendment to the United States Constitution provides, in part, "nor shall private property be taken for use, without just compensation." U.S. Const. Amend. V. The Fourteenth Amendment to the United States Constitution incorporates the Fifth Amendment as to the states, prohibiting state actors from engaging in public takings without compensation.

31. Similarly, the Texas constitution states, "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. Art. I, § 17.

32. Anderson County, Texas, a political subdivision of the State of Texas, is prohibited from public takings without compensation. As an agent of Anderson County, Texas, Defendant Taylor is also prohibited from public takings without compensation.

33. Inclusion on the incident management tow list is effectively a license to tow vehicles in Anderson County.

34. Plaintiffs Morris Wrecker Service, LLC, and F. Lee Morris have a valuable property right in their inclusion in the Anderson County incident management tow program.

35. In January and February 2016, Defendant Taylor, acting for Defendant Anderson County, unlawfully acted to deprive Plaintiffs of their right to inclusion on the County's towing list.

## Count 2: Equal Protection

36. Paragraph 1-85 are incorporated *in haec verba*.

37. The Fourteenth Amendment to the United States Constitution incorporates the protections of the Fifth Amendment to the states to provide protection against state actors' transgressions.

38. Through the actions of Defendants Anderson County and Greg Taylor, under the color of state law, Morris Wrecker Service, LLC was deprived of the equal protections of the laws, and was discriminated against based upon its owner's gender, female, in clear violation of 42 U.S.C. § 1981, and the Fourteenth Amendment of the United States.

39. Defendants Anderson County and Greg Taylor also discriminated against Morris Wrecker Services based upon its owner's gender, in clear violation of Article One Section 3a of the Texas Constitution.

40. Additionally, Defendant Anderson County and Taylor's actions against Morris Wrecker Service, LLC, disparately impact the only female-owned tow company in the county.

41. From June 30, 2014-June 30, 2016, there were no laws applicable to Morris Wrecker Service which would have provided any basis for either of the Defendants to discriminate against Morris Wrecker Service.

42. The Defendants specifically sought to prevent Morris Wrecker Service from towing in Anderson County, and have made no effort against any similarly situated businesses.

43. Defendant Taylor has no legal ground for the continued denial of Morris Wrecker Service's application to participate in incident management tows initiated by Anderson County.

44. The only impacted business by the practices of Anderson County and Greg Taylor was Morris Wrecker Service, LLC, or F. Lee Morris.

Count 3: Equal Protection

45. Paragraph 1-85 are incorporated *in haec verba*.

46. The Fourteenth Amendment to the United States Constitution incorporates the protections of the Fifth Amendment to the states to provide protection against state actors' transgressions.

47. Through the actions of Defendants Anderson County and Greg Taylor, under the color of state law, Morris Wrecker Service, LLC, was deprived of the equal protections of the laws, and was discriminated against based upon its employee's relationship with an African American female, in clear violation of 42 U.S.C. § 1981, and the Fourteenth Amendment of the United States.

48. Defendants Anderson County and Greg Taylor also discriminated against F. Lee Morris based upon his relationship with an African American female, in clear violation of Article One Section 3a of the Texas Constitution.

49. From June 30, 2014-June 30, 2016, there were no laws applicable to F. Lee Morris which would have provided any basis for either of the Defendants to discriminate against him.

50. The Defendants specifically sought to prevent F. Lee Morris from towing in Anderson County, and have made no effort against any similarly situated businesses.

51. Defendant Taylor has no legal ground for the continued denial of Morris Wrecker Service's application to participate in incident management tows initiated by the county.

52. The only impacted business by the practices of Anderson County and Greg Taylor was Morris Wrecker Service.

<u>Count 4: Procedural Due Process</u>

53. Paragraph 1-85 are incorporated *in haec verba*.

54. Defendants Anderson County and Greg Taylor unconstitutionally deprived F. Lee Morris and Morris Wrecker Service LLC, of their rights to transact business within the county without due process or the opportunity to be heard in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

55. Defendants Anderson County and Greg Taylor also unconstitutionally deprived F. Lee Morris and Morris Wrecker Service LLC, of their rights to transact business with the county without due process or the opportunity to be heard in violation of Article One Section 19 of the Texas Constitution.

56. Anderson County, Texas, is a state actor as it is a political subdivision of the State of Texas.

57. Greg Taylor is a state actor as he is the elected Sheriff of Anderson County, Texas.

58. Neither Greg Taylor nor Anderson County, Texas have provided notice of its intent to remove Morris Wrecker Service, LLC from the incident management tow rotation list that it maintains, nor have they provided notice of their intent to deny Morris Wrecker Service, LLC's application for reinstatement to the tow rotation.

59. Neither Greg Taylor nor Anderson County, Texas have ever taken a judicial action to remove Morris Wrecker Service, LLC from the tow rotation, nor have they taken a judicial action to determine whether Morris Wrecker Service, LLC is eligible for reinstatement to the list.

60. Neither Greg Taylor nor Anderson County, Texas, have ever held a public meeting, provided any notice, or published any proposed ordinances on changes to the tow rotation list.

61. Finally, neither Greg Taylor nor Anderson County, Texas, has provided any compensation to Morris for the deprivation of its constitutional right to participate in the towing rotation list.

62. The actions of Defendants Anderson County and Greg Taylor show a complete lack of respect for the law in the process utilized by Greg Taylor in the removal of Morris Wrecker Service, LLC from the tow rotation list and the continued denial of Morris Wrecker Service, LLC's applications for reinstatement to the list.

63. The Defendants and their co-conspirators have failed to issue notice, file a lawsuit, hold a public hearing, provide opportunity to be heard, or any other constitutional protection against state action afforded by the constitution.

<u>Count 5: Defamation</u>

64. Paragraph 1-85 are incorporated *in haec verba*.

65. Greg Taylor published statements of fact about F. Lee Morris's character to third parties.

66. These statements referred directly to F. Lee Morris himself.

67. These statements are and continue to be false.

68. With regard to the truth of the statement, the defendant was acting with actual malice.

69. In the alternative, with regard to the truth of the statement, Defendant Taylor was negligent;

70. In the alternative, with regard to the truth of the statement, Defendant Taylor was liable without regard to fault.

71. F. Lee Morris has suffered pecuniary injury and loss of business opportunity as a direct result of Defendant Taylor's ongoing campaign of malicious and false statements against Morris.

## Count 6: Business Disparagement

72. Paragraph 1-85 are incorporated *in haec verba*.

73. Greg Taylor, through his repeated and continuous behavior has published disparaging words about Morris Wrecker Service, LLC's economic interests.

74. These statements are patently false.

75. Defendant Taylor published the words with malice.

76. Defendant Taylor published the words without privilege.

77. The publication caused special damages.

## Count 6: Conspiracy

78. Paragraph 1-85 are incorporated *in haec verba*.

79. Anderson County, Texas, through its employees, Greg Taylor and the Anderson County Sherriff's Department have conspired to deprive F. Lee Morris and Morris Wrecker Service, LLC of their civil rights and the due process of law, the deprivation of an important property right in their inclusion of on the towing list, and equal protection of the law.

80. County Employees, including the county judge, the county and district attorney, and the Sherriff's Department have held meetings, conversations and other communications to determine the best way to remove Morris Wrecker Services, LLC from the tow rotation.

81. Morris's continued absence from the tow list is the direct and intended result of all of these actions.

82. Anderson County, Greg Taylor and the Anderson County Sherriff's Office have acted in direct violation of the Fourteenth Amendment to the United States Constitution and conspired to violate Morris and Morris Wrecker Service, LLC's rights under the United States and Texas Constitutions.

## Damages

83. As a direct and proximate result of the Defendants' conduct, plaintiff suffered the following injuries and damages:

    a. Lost earnings

    b. Loss of earning capacity

    c. Damage to reputation in the past and future

    d. Mental anguish in the past and future

e. Loss of right to use property

   f. Deprivation of substantive due process

   g. Deprivation of procedural due process

   h. Harassment

   i. Violations of constitutional and statutory rights

   j. Punitive damages

   k. Any and all other statutory damages suffered as a result of the conspiracy and unconstitutional actions of the defendant.

## Attorney's Fees

84. Plaintiffs are entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988(b).

## Jury Demand

85. Plaintiffs invoke their right to trial by jury under the United States Constitution.

## Prayer

86. For these reasons, Plaintiffs ask for a judgment against the defendant for the following:

   a. Actual and compensatory damages;

   b. Payment for reasonable attorney's fees;

   c. Prejudgment and post judgment interest;

   d. Costs of suit and related matters to seek vindication of civil rights

   e. All other relief the court deems appropriate.

Respectfully Submitted, MOSSER LAW PLLC

/s/ James C. Mosser
James C. Mosser

Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 222
Plano, Texas 75093
Telephone: (972) 733-3223
Facsimile: (972) 473-0600
Courtdocuments@mosserlaw.com
**Lawyers for Plaintiffs Morris Wrecker Service, LLC, and F. Lee Morris**

CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2016, a true and correct copy of the foregoing was served via email to all attorneys of record.

/s/ Nicholas D. Mosser
Nicholas D. Mosser