IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MORRIS WRECKER SERVICE LLC AND F. LEE MORRIS** | § § § | |
| **Plaintiffs** | § | CASE NO. 6:16cv1027 |
| | § | |
| v. | § | |
| | § | |
| **ANDERSON COUNTY TEXAS AND GREG TAYLOR** | § § § | |
| **Defendants** | § | |

## SCHEDULING ORDER

The above-styled case has been referred to the undersigned. As such, pursuant to Federal Rule of Civil Procedure 16(b), the Court orders the parties to appear for a scheduling conference on January 19, 2017 at 10:00 a.m. Prior to the Scheduling Conference, the parties are required to comply with the following deadlines as set forth by the Federal Rules of Civil Procedure and the Local Rules of this Court:

| *Date* | **Requirement** |
|---|---|
| *7 days before Scheduling Conference* | **Initial Disclosures due.** Each party shall serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). |
| *10 days before Scheduling Conference* | Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| *21 days before Scheduling Conference* | **Parties to complete conference pursuant to Federal Rule of Civil Procedure 26(f).** |

In addition, the parties are to submit an up-to-date Docket Control Order and Discovery Order <u>taken from the undersigned's website</u> no later than 9:00 a.m. two days prior to the above date.  By this date, the parties shall also submit an agreed order related to the discovery and production of electronically stored information (ESI) and a Protective Order.[1]  If the parties cannot agree to the terms of the Discovery Order, Docket Control Order, and any issues related to ESI and/or Protective Order, the parties may submit their disputes by the deadline outlined above.

The following dates are set by this Order of the Court and shall be incorporated into the Docket Control Order:

| | |
|---|---|
| Dispositive Motion Deadline | November 10, 2017; |
| Pre-Trial Conference | February 22, 2018 at 9:00 a.m. before Judge John Love; |
| Jury Selection | March 19, 2018 at 9:00 a.m. before Judge Robert W. Schroeder III; and |
| Jury Trial | March 26, 2018 at 9:00 a.m. before Judge Robert W. Schroeder, III |

Pursuant to Fed. R. Civ. P. Rule 16(b)(1)(B), the scheduling conference will be held in person and parties will not be allowed to appear by telephone.  The Court does not require lead trial counsel to attend; however, counsel who is conversant in the case and has decision-making authority must attend the scheduling conference.  The following topics will be discussed at the scheduling conference:

- The existence of related cases and the appropriateness of consolidation;

---

[1] The parties may refer to Judge Love's website for a sample ESI Order and Protective Order.  In the event the parties do not believe issues regarding ESI or protective orders will arise, the parties need not submit such documents, but shall notify the Court that such orders will not be necessary.

- Appropriate discovery limitations considering the case facts and likely value, including written discovery limits, deposition limits, the number of expert witnesses, and whether expert depositions should be authorized;

- Whether document production should proceed by request for production or mandatory disclosure;

- Trial scheduling;

- Clearly dispositive issues that warrant special scheduling;

- Any existing or likely discovery disputes; and

- Whether the parties consent to trial before a magistrate judge.

In addition, by the deadline set forth above, the parties shall submit the name of an agreed mediator, or, in the alternative, competing proposals for mediators or a reason why this case would not benefit from mediation.  Further, if Plaintiff intends to file additional related cases, it shall file a notice indicating as such by the same deadline.

The Court further **ORDERS** as follows:

1. Unrepresented parties are bound by the requirements imposed upon counsel in this order.

2. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

3. Absent agreement, depositions of witnesses will not be taken until after the scheduling conference. Following the conference, the Court will enter a Docket Control Order and Discovery Order establishing parameters of discovery and setting deadlines controlling disposition of the case.

4. The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order

     dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

5. Plaintiff's counsel must immediately notify the Court upon settlement.

6. Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

**So ORDERED and SIGNED this 8th day of December, 2016.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE