# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MORRIS WRECKER SERVICE LLC, F. LEE MORRIS, | § § § § § § § § § § § § |
| Plaintiffs, | |
| v. | |
| ANDERSON COUNTY TEXAS, GREG TAYLOR, | |
| Defendants. | |

CIVIL ACTION NO. 6:16-CV-01027-RWS

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On December 22, 2017, the Magistrate Judge issued his Report and Recommendation (Docket No. 42), recommending that Defendants' Motion for Summary Judgment (Docket No. 35) be granted and that Plaintiffs' claims be dismissed with prejudice. On January 11, 2018,[1] Plaintiffs filed objections to the Magistrate Judge's Report and Recommendation (Docket No. 45), and Defendants filed a response (Docket No. 47). The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636 (b)(1).

In his Report and Recommendation, the Magistrate Judge considered each of the Plaintiffs' claims challenged by Defendants on summary judgment, including claims for equal protection, procedural due process, takings, defamation, business disparagement, and conspiracy.

---

[1] Plaintiffs' objections were filed after the fourteen-day objection period had passed because the Court granted Plaintiffs' requested extension for time to file objections. Docket No. 44.

Docket No. 42 at 6–19. Plaintiffs generally object that, in considering summary judgment as to these claims, the Magistrate Judge improperly shifted the burden to Plaintiffs without addressing whether Defendants had met their summary judgment burden. Docket No. 45 at 2–4.

On a motion for summary judgment, a moving party bears the burden to show that there is "no genuine dispute as to any material fact such that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A movant may satisfy that burden by contending that the claims are not supported in law or fact and there is insufficient evidence to move beyond the summary judgment stage, as Defendants did here. *Robison v. Texas Dep't of Criminal Justice*, 94 F. App'x 225, 227 (5th Cir. 2004) ("[o]nce the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue."); *see* Docket No. 35 (arguing that there is no summary judgment evidence as to the essential elements of Plaintiffs' claims). Plaintiffs, as the nonmoving parties, must then present evidence to support the elements of their prima facie case for each of the challenged claims on which they bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 321–23 (1986) (holding that the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."). "If a rational trier of fact could not find for the nonmoving party based on the evidence presented, no genuine issue of fact for trial exists." *Gomez v. Saenz*, 237 F.3d 631 (5th Cir. 2000) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 584–88 (1986)). "The question is not whether a mere scintilla of evidence exists in favor of the nonmovant; rather, the inquiry is whether the nonmovant could, on the strength of the evidence

in the record, carry its burden on the essential elements before a reasonable jury." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986)).

Here, the Magistrate Judge focused on Plaintiffs' allegations and evidence supporting those allegations because Defendants' Motion for Summary Judgment challenged the claims as having no evidentiary support, and Plaintiffs responded to Defendants' Motion by citing to their allegations in support of their asserted claims. Docket Nos. 35, 39. Plaintiffs contend that they effectively had no burden to respond to Defendants' arguments that there was no genuine issue of material fact with respect to each of the asserted claims because there is no evidentiary support for those claims. As discussed, Plaintiffs indeed have a burden to respond to such arguments by presenting competent summary judgment evidence that would create a genuine issue of material fact that Plaintiffs could carry their burden on their claims. *Celotex,* 477 U.S. at 322. As the Magistrate Judge correctly found, Plaintiffs failed to do so here.

For example, with respect to Plaintiffs' equal protection claim based on race,[2] the Magistrate Judge found that Plaintiffs' response citing only allegations in the complaint was insufficient, stating "[r]ecitation of allegations from the complaint with no citation to any evidence in the record is insufficient to survive summary judgment." Docket No. 42 at 10 (citing *Simmons v. Willcox*, 911 F.2d 1077, 1082 (5th Cir. 1990) ("speculative allegations ... are insufficient to create a genuine issue of material fact precluding summary judgment."); *Reynolds v. New Orleans City*, 272 F. App'x 331, 338 (5th Cir. 2008) (holding that mere restatements of allegations set forth in complaint were unsubstantiated assertions and were not competent summary judgment evidence).) Similarly, with respect to Plaintiffs' procedural due process

---

[2] The Magistrate Judge found that there was no genuine issue of material fact on Plaintiffs' equal protection claim based on gender given that the undisputed record showed that Plaintiffs had disavowed that claim. Docket No. 42 at 9. Plaintiffs do not now object to that conclusion of the Magistrate Judge, and the Court agrees with the Magistrate Judge that no genuine issue of material fact exists on that claim.

claim, the Magistrate Judge found that "Plaintiffs have no evidence of a due process violation other than the allegations stated in the complaint, which of course are not evidence." Docket No. 42 at 12–13. The Magistrate Judge recommended granting summary judgment as to Plaintiffs' takings claim for the same reasons. Docket No. 42 at 15–16.

In *Gomez*, the Fifth Circuit stressed that "[c]onclusory allegations unsupported by specific facts … will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations ... to get to a jury without any significant probative evidence tending to support the complaint.'" *Gomez*, 237 F.3d at 631 (quoting *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio,* 40 F.3d 698, 713 (1994); *Anderson,* 477 U.S. at 249)). The Fifth Circuit emphasized that instead, "the nonmovant must move beyond the pleadings and designate specific facts to support a genuine issue for trial." *Id.* (citing *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996)). Here, Plaintiffs have failed to do so, and the Magistrate Judge's recognition of this failure was not an improper shifting of the summary judgment burden, but rather an application of correct summary judgment framework.

Further, Plaintiffs contend that the Magistrate Judge's consideration of their allegations as conclusory was irrelevant and that Defendants should have brought a motion to dismiss if the allegations were insufficient. Docket No. 45 at 4. However, as discussed above, Plaintiffs responded to Defendants' Motion by relying on their allegations to defeat summary judgment. Docket No. 39. While Defendants did not bring a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), at the time for such a motion they were represented by different counsel. Reviewing the allegations, many of Plaintiffs claims likely would not have survived such a motion had one been brought. Failure to state a claim is a consideration that may be undertaken by the court on a motion under Rule 12(c), a motion which Defendants concurrently filed with their summary

judgment motion, and which the Magistrate Judge considered in his Report and Recommendation. Fed.R.Civ.P. 12(h)(2)(B); Docket No. 34. As the Magistrate Judge noted, "[b]ecause the arguments set forth in Defendants' Motion to Dismiss (Doc. No. 34) envelop the arguments set forth in Defendants' Motion for Summary Judgment (Doc. No. 35)," those motions were taken up in conjunction. Docket No. 42, at 1, 6. Thus, because Defendants challenged the allegations under Rule 12(c) concurrently with summary judgment and because Plaintiffs relied on their allegations in responding to summary judgment, the Magistrate Judge did not err in considering the sufficiency of the allegations on summary judgment.

Specifically, regarding their due process claim, Plaintiffs contend that the Magistrate Judge did not consider substantive limitations on official discretion and instead likened the towing list to within the discretion of the public official. Docket No. 45 at 5. This argument does not address why the Magistrate Judge was incorrect in concluding that no property interest exists in remaining on or reinstatement on the towing rotation list. Plaintiffs do not distinguish the cases relied on by the Magistrate Judge that similarly found there was no property interest in remaining on such towing lists. *See* Docket No. 42 at 13–14 (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 937 (5th Cir. 1995), *Chavers v. Morrow*, 354 F. App'x 938, 941 (5th Cir. 2009); *Wimer v. Holzapfel*, 868 F. Supp. 844, 848 (E.D. Tex. 1994)). Moreover, Plaintiffs still do not point to anything in the Anderson County Towing Policy (Docket No. 35-1 "Towing Policy") that would create such a right here. Because Plaintiffs had not identified the source of their property right, the Magistrate Judge reviewed the entire Towing Policy in considering whether it created such a right. Docket No. 42 at 13–14. The Magistrate Judge reasoned that the "policy itself is a discretionary one where removal from the rotation list is subject to determination of a policy violation by the Sheriff or a designee" and that "[w]hile the towing

rotation list is managed by the Anderson County Sheriff's Office, it places no preference on specific wrecking services, leaves the opportunity for individual owners to request a specific towing service, and moves through the list for dispatched calls simply in succession from top to bottom with rotation to the bottom occurring once a tow has been completed." Docket No. 42 at 14 (citing Docket No. 35-1 at 7). Plaintiffs do not address this reasoning of the Magistrate Judge or further provide any argument as to why a property interest is created here.

Finally, while Plaintiffs do not object to the Magistrate Judge's determinations regarding the statute of limitations (admitting that allegations for removal from the towing rotation list are time barred (Docket No. 45 at 6)), Plaintiffs do contend that the Magistrate Judge failed to consider the continuing tort doctrine. Docket No. 45 at 6. Plaintiffs do not specify the alleged failure to consider the continuing tort doctrine, but state that the Report and Recommendation does not consider whether Defendants' refusal to reinstate Plaintiffs on the towing rotation list is a basis for recovery. Docket No. 45 at 6. This argument is an incorrect characterization of the Magistrate Judge's findings. Indeed, at numerous points throughout his Report and Recommendation, the Magistrate Judge, having liberally construed the allegations in Plaintiffs' favor, stated that the relevant conduct alleged was the refusal to reinstate Plaintiffs on the towing rotation list. *See* Docket No. 42 at 10 (noting that "the Court appreciates that the focus of Plaintiffs' claims are on the failure to reinstate Plaintiffs on the towing rotation list based upon alleged requests made up to 2016" and finding that "Plaintiffs cite no evidence (and provide the Court will no evidence to consider) that they ever made subsequent requests to be reinstated on the list, or that those requests were ultimately denied"); *id.* at 12 (finding that "with respect to due process, the only claims that remain not time-barred are the alleged continued denial of reinstatement to the towing list…"), ("the relevant asserted property interest based on the

allegations is the failure to reinstate Plaintiffs on the towing rotation list after July 19, 2014"). Therefore, Plaintiffs' contention that the Magistrate Judge did not consider Defendants' refusal to reinstate Plaintiffs on the towing rotation list is incorrect.

Plaintiffs do not provide any further objections to the Magistrate Judge's Report and Recommendation on the remainder of the claims asserted. However, reviewing the claims and the Magistrate Judge's Report and Recommendation, the Court finds no plain error in those conclusions. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. Defendants' Motion for Summary Judgment (Docket No. 35) is **GRANTED**. It is accordingly **ORDERED** that the complaint is hereby **DISMISSED WITH PREJUDICE**.

**SIGNED this 31st day of January, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE